UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,

Plaintiff/Respondent,

v.

HYUN JU LEE,

Defendant/Petitioner.

No. CR-02-221-FVS

ORDER DENYING PETITION FOR A WRIT OF CORAM NOBIS

**THIS MATTER** came before the Court on January 27, 2012, for an evidentiary hearing. The Court reserved ruling at the conclusion of the hearing. On February 10, 2012, the Court ruled orally via a telephone conference call. On both January 27th and February 10th, the defendant was represented by Jeffry K. Finer and the government was represented by Russell E. Smoot. This order serves to memorialize the Court's oral ruling on February 10th.

**FINDINGS OF FACT**

1. On August 6, 2002, Hyun Ju Lee was charged by Indictment with the crime of distribution of pseudoephedrine. 21 U.S.C. § 841(c)(2).

2. On September 3, 2002, attorney Bevan Maxey became Ms. Lee's counsel of record.

3. On September 19, 2002, attorney Jerry L. Kagele filed a notice indicating he was associating with Mr. Maxey in the representation of

Ms. Lee. Mr. Kagele's role was to advise Ms. Lee concerning immigration law.

4. On October 30, 2002, the government filed an Information Superseding Indictment that charged Ms. Lee with the crime of using a communication device in order to facilitate the commission of a federal drug crime. 21 U.S.C. § 843(b). She pleaded guilty that same day pursuant to a written plea agreement that was explained to her with the assistance of an interpreter. The plea agreement is silent with respect to whether her guilty plea would lead to her removal from the United States. Nor did the Court discuss removal with her when she pleaded guilty.

5. On April 18, 2003, attorney Mark E. Vovos took Mr. Maxey's place as her attorney.

6. On July 17, 2003, Mr. Kagele's license to practice law was suspended by the Supreme Court of the State of Washington. He withdrew as associate counsel on July 28th. His withdrawal left Mr. Vovos as Ms. Lee's sole attorney.

7. On September 2, 2003, Mr. Vovos filed a motion for downward departure. His supporting memorandum stated in part, "The attorney that [Ms. Lee] . . . hired as her 'immigration lawyer' has been suspended from the practice of law and she faces the imminent removal from this country if sentenced by the terms of the plea agreement." Memorandum of Authorities (ECF No. 57-1) at 1-2.

8. On January 9, 2004, Ms. Lee was sentenced. During the hearing, Mr. Vovos made two comments about her risk of removal from

the United States. At one point, he said:

> Unfortunately . . . the circumstance she is facing, as far as a penalty, a more serious consequence in this than anyone else, because she is facing directly a deportation and removal proceedings to a place where she has no family at all. What will happen there, I guess we can only predict by lawyers.

Transcript of Sentencing Hearing (ECF No. 67) at 19. Later, he said, "The real vice, something, unfortunate, you have nothing to do with, and that's whatever is going to happen with Immigration. And whatever happens with her, I guess we'll have to deal with that, if and when we can." *Id.* at 23.

9. The Court ordered Ms. Lee to serve 24 months probation. She completed her sentence without incident.

10. During 2010, she applied for United States citizenship. Her application triggered a review of her criminal history by an agency of the Executive Branch. The agency discovered her 2004 conviction. Removal proceedings were initiated. They are pending at this time.

11. On April 1, 2011, Ms. Lee filed a motion to vacate her conviction and sentence. 28 U.S.C. § 2255. She asked the Court to treat her § 2255 motion as a petition for a writ of coram nobis if she is ineligible for relief under § 2255.

12. On August 22, 2011, the Court determined she is ineligible for relief under § 2255 because she is not in custody. At the same time, the Court concluded she is potentially eligible for a writ of coram nobis.

13. On January 27, 2012, the Court held an evidentiary hearing.

14. Mr. Kagele is dead. Both Mr. Maxey and Mr. Vovos were available to testify. Neither party chose to present testimony from either attorney.

15. Although Ms. Lee attempted to testify truthfully at the evidentiary hearing, time has taken its toll on her memory. The Court finds her account of her discussions with her attorneys is neither complete nor entirely accurate.

16. The Court finds Mr. Kagele did not clearly advise her she would be removed from the United States if she pleaded guilty to the crime of using a communication device in order to facilitate the commission of a federal drug crime.

17. Ms. Lee would not have accepted the plea agreement that was offered by the government had she clearly understood a plea of guilty would result in her removal from the United States.

18. Ms. Lee discussed removal with Mr. Vovos, but, as the record now stands, the Court cannot determine the substance of their discussion.

**CONCLUSIONS OF LAW**

1. In order to qualify for coram nobis relief, Ms. Lee must demonstrate "(1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement of Article III; and (4) the error is of the most fundamental character." *United States v. Kwan*, 407 F.3d 1005, 1011 (9th Cir.2005) (internal citation omitted), *abrogated on other*

*grounds by Padilla v. Kentucky*, --- U.S. ----, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010).

2. Since Ms. Lee is not in custody, she is ineligible for relief under 28 U.S.C. § 2255. Thus, the only method by which she may seek to vacate the 2004 judgment is by petitioning for a writ of coram nobis.

3. Ms. Lee saw no need to go to the trouble and expense of challenging her 2004 conviction until the Executive Branch instituted removal proceedings. Depending upon what Mr. Vovos told her about removal, this appears to have been a reasonable attitude for someone in her circumstances.

4. Ms. Lee likely will be removed from the United States if coram nobis relief is denied.

5. Ms. Lee argues a writ of coram nobis is necessary to correct an error of the most fundamental character; namely, that Mr. Kagele deprived her of her Sixth Amendment right to effective assistance of counsel.[1]

6. In order to prove a Sixth Amendment violation, Ms. Lee must demonstrate both that Mr. Kagele's performance was deficient and that she suffered prejudice as a result. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

7. In *Padilla v. Kentucky*, --- U.S. ----, ----, 130 S.Ct. 1473, 1486, 176 L.Ed.2d 284 (2010), the Supreme Court held "that counsel

---

[1]Ms. Lee "has no claims against Mr. Maxey whatsoever as to any kind of failure." (Transcript of Evidentiary Hearing at __.)

must inform her client whether his plea carries a risk of deportation."

8. Mr. Kagele's advice to Ms. Lee fell short of that standard.

9. Ms. Lee suffered prejudice from Mr. Kagele's failure to satisfy the *Padilla* rule in that she would not have accepted the plea agreement that was offered by the government had she clearly understood a plea of guilty would result in her removal from the United States.

10. Ms. Lee's conviction became final before the Supreme Court's decision in *Padilla*.

11. In order to invoke the *Padilla* rule, Ms. Lee must show it applies retroactively to her case. Whether *Padilla* applies retroactively depends, in large part, upon whether it is an "old rule" or a "new rule" within the meaning of *Teague v. Lane*, 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989). If it is an old rule, Ms. Lee may rely upon it to attack her conviction. *See Whorton v. Bockting*, 549 U.S. 406, 416, 127 S.Ct. 1173, 167 L.Ed.2d 1 (2007). If it is a new rule, she may not rely upon it unless it qualifies as a "watershed rule of criminal procedure." *Id.* at 417, 127 S.Ct. 1173 (internal punctuation and citations omitted).

12. At least three circuit courts have considered whether *Padilla* represents an old rule or a new rule. They have reached inconsistent conclusions. *Compare United States v. Orocio*, 645 F.3d 630, 641 (3d Cir.2011) (old rule) *with Chaidez v. United States*, 655 F.3d 684, 689 (7th Cir.2011) (new rule) *and United States v. Chang Hong*, No-10-6294,

2011 WL 3805763 at *7, *9-*10 (10th Cir. Aug. 30, 2011) (same). The Ninth Circuit has yet to address the issue.

13. Both the Seventh and Tenth Circuits acknowledged that *Padilla* did not overturn any precedent, that its holding was an application of *Strickland*'s teaching regarding effective assistance of counsel, *Hong*, 2011 WL 3805763 at *7, *Chaidez*, 655 F.3d at 692-93, and that, as a general rule, "the application of *Strickland* to unique facts generally will not produce a new rule." *Chaidez*, 655 F.3d at 692. Nevertheless, both the Seventh and the Tenth Circuits concluded *Padilla* announced a new rule. In reaching that conclusion, they cited several circumstances: the members of the *Padilla* court disagreed sharply among themselves with respect to whether the holding was supported by precedent, *Hong*, 2011 WL 3805763 at *6; *Chaidez*, 655 F.3d at 689-90; lower federal courts had unanimously rejected the proposition that a defense attorney has a duty to initiate a discussion of the issue of removal with a foreign client who is contemplating a plea of guilty to a crime, *Hong*, 2011 WL 3805763 at *6-*7, *Chaidez*, 655 F.3d at 690-91; and application of the *Padilla* rule will depend heavily upon the facts of the case, *Chaidez*, 655 F.3d at 693.

14. This Court agrees with the reasoning of the Seventh and Tenth Circuits. *Padilla* is a new rule.

15. "Even a new rule may be applied retroactively if the rule is substantive or if it is a watershed rule." *Ponce v. Felker*, 606 F.3d 596, 604 (9th Cir.2010). Neither exception applies here.

16. *Padilla* is a procedural rule, not a substantive rule. *Hong*,

2011 WL 3805763 at *8.

17. The only issue, then, is whether *Padilla* represents a "watershed" rule. In order to qualify, the *Padilla* rule "(1) 'must be necessary to prevent an impermissibly large risk of an inaccurate conviction,' and (2) 'must alter our understanding of the bedrock procedural elements essential to the fairness of a proceeding.'" *Hong*, 2011 WL 3805763 at *8 (quoting *Whorton*, 549 U.S. at 418, 127 S.Ct. 1173). As the Tenth Circuit explained in *Hong*, the *Padilla* rule does not satisfy those requirements. *Hong*, 2011 WL 3805763 at *8-*10.

18. In conclusion, the rule set forth in *Padilla* does not apply to Ms. Lee's case.

**IT IS HEREBY ORDERED:**

Hyun Ju Lee's petition for a writ of coram nobis (**ECF No. 75**) is **denied.**

**IT IS SO ORDERED.** The District Court Executive is hereby directed to enter this order and furnish copies to counsel.

**DATED** this 28th day of February, 2012.

s/ Fred Van Sickle
Fred Van Sickle
Senior United States District Judge